**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

PHYLLIS G. WALKER,                         )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          Docket No. 07-cv-90-GZS
                                           )
UNUM LIFE INSURANCE COMPANY                )
OF AMERICA                                 )
and UNUM GROUP                             )
                                           )
            Defendants.                    )
                                           )

**ORDER ON MOTION TO DISMISS**

        Before the Court is a Motion to Dismiss filed by Defendants Unum Life Insurance

Company of America ("Unum Life") and Unum Group.  (Docket # 6.)  For the reasons

stated below, the Court will deny the Motion.

**I.      BACKGROUND**

        Plaintiff Phyllis Walker was a nurse employed at Lourdes Hospital in Paducah,

Kentucky at the time of her disability and was insured under a group long term disability

policy between Unum Life, a Maine insurance company, and the policy holder, Catholic

Healthcare Partners, an Ohio non-profit health care organization.  After becoming ill and

unable to work, Plaintiff received benefits under the policy for ten months in 2001.  The

benefits were terminated in October of 2001.  Plaintiff appealed the decision to terminate

her benefits, and, in March of 2003, Plaintiff was informed that the decision to terminate

her benefits would stand.

        In December of 2005, Plaintiff elected to have her denial of benefits reviewed

pursuant to a Regulatory Settlement Agreement ("RSA") entered into by Unum Life, the

1

insurance regulators of 49 states and the Department of Labor.  The RSA was intended to remedy regulatory concerns raised by a multi-state market conduct examination of Unum Life and other entities.  As a result of the reassessment, Unum Life concluded that Plaintiff was entitled to additional benefits, subject to the twenty-four month limited pay provision in the policy.

On May 17, 2007, Plaintiff filed a six count complaint naming Unum Life and Unum Group as Defendants.  (Docket # 1.)  The complaint asserts causes of action for breach of insurance contract (Count I), bad faith under Ohio law (Count II), breach of regulatory settlement agreement (Count III), intentional infliction of emotional distress (Count IV), unfair claims settlement practices under 24 M.R.S.A. § 2436-A (Count V) and tortious interference with contractual relationships against Defendant Unum Group (Count VI).  On August 20, 2007, Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.     DISCUSSION

## A.     Motion to Dismiss

Pursuant to Rule 12(b)(6), a party is entitled to have a claim against it dismissed when the allegations on which the claim depends "fail[] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When considering a motion under Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences in the plaintiff's favor, and determine whether the complaint, when taken in the light most favorable to the plaintiff, sets forth sufficient facts to support the claim for relief.  Clorox Co. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508

(1st Cir. 1998).  Pursuant to Rule 8(a), the pleader need only make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Despite the liberal pleading standard of Rule 8, to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1967 (2007).

**B.      Choice of Law**

At the threshold, the variety of claims pressed by Plaintiff presents complicated choice of law issues.  A federal court sitting in diversity must apply the conflict of law rules of the state in which it sits, in this case, Maine.  Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); La Plante v. Am. Honda Motor Co., 27 F.3d 731, 741 (1st Cir. 1994).  The state of Maine follows the Restatement (Second) of Conflicts of Laws and the "most significant contacts and relationships" approach in determining choice of law.  Flaherty v. Allstate Ins. Co., 822 A.2d 1159, 1165 (Me. 2003); Schroeder v. Rynel, Ltd., 720 A.2d 1164, 1166 (Me. 1998).

The most significant contacts and relationships approach requires the Court to generally consider the following principles:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) Conflict of Laws § 6 (1971).  Plaintiff presses claims sounding in contract and claims sounding in tort.

The Court will undertake a choice of law analysis with regard to contract based claims only where the parties have failed to state which law controls.  Here, the insurance contract between Unum Life, a Maine insurance company, and the policy holder, Catholic Healthcare Partners, an Ohio non-profit health care organization contains a clause that simply states: "GOVERNING JURISDICTION: Ohio."  Maine will generally enforce a contractual choice of law provision. See Schroeder, 720 A.2d at 1166. Nonetheless, as this Court has previously stated, "[a] governing jurisdiction provision that merely refers to a particular state without providing any elaboration as to what should happen in the event of litigation does not serve to delineate the named state as the choice-of-law forum."  McLaughlin v. UNUM Life Ins. Co. of Am., 224 F. Supp. 2d 283, 289-90 (D. Me. 2002) (citing Dang v. UNUM Life Ins. Co. of Am., 175 F.3d 1186, 1190 (10th Cir. 1999)).  Without deciding the issue, the Court notes that "in the absence of an express effective choice of applicable state law by the parties, the rights and duties of the parties with respect to an issue in contract are to be determined at the forum level by the local law of the state which, with respect to that particular issue, has the most significant relationship to the transaction and the parties."  Baybutt Constr. Corp. v. Commercial Union Ins. Co., 455 A.2d 914, 918 (Me. 1983).

In determining which state has the most significant contacts, the Court should specifically consider:

    (a) the place of contracting,
    (b) the place of negotiation of the contract,
    (c) the place of performance,
    (d) the location of the subject matter of the contract, and
    (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) Conflict of Laws, § 188.  The Court is mindful that this Motion is before the Court under Rule 12(b)(6), and, thus, the record lacks many of the underlying facts that will be determined during discovery and that are necessary to the choice of law analysis in this case.  Nonetheless, the contract at issue was between a Maine insurance company and an Ohio non-profit organization.  More importantly, Plaintiff lived and worked in Kentucky, and, thus, the subject matter and the performance of the contract were to occur in Kentucky.  In addition, the Court notes that none of the parties have addressed what law controls the RSA or briefed a conflict of law analysis regarding the RSA.  At this point in the litigation and in the absence of sufficient facts, the Court is unable to make a determination regarding what law controls the contract based claims.

Plaintiff also presses several claims sounding in tort.  At this point, the Court notes that Maine has not explicitly endorsed the principle of depecage, under which a court applies the laws of different states to different substantive issues within a single case.  Cf. La Plante, 27 F.3d at 741-42 (explaining the principle of depecage and applying depecage to Rhode Island tort law).  Assuming for the moment that the Court were to separately analyze the choice of law question for claims sounding in tort, the Court should also consider the following contacts:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) Conflict of Laws § 145.

Consideration of the relevant principles point toward the application of Kentucky law.  First, Plaintiff resides in and the injury occurred to Plaintiff in Kentucky.  Although

Unum Life is incorporated in Maine and Unum Group is incorporated in Delaware with a place of business in Maine, Kentucky nonetheless appears at this point to have the most significant contacts with both the contract and tort based claims. The Court notes that Defendants devote the entirety of their briefs to arguing dismissal under Maine law. While Plaintiff acquiesces to the application of Kentucky law to her claims, she does not apply Kentucky law in her brief.

In short, at this point in the litigation, the Court lacks sufficient facts on which to conduct a choice of law analysis. Thus, the Court cannot say which state's laws will apply to Plaintiff's claims. Moreover, on the current record, the Court is unable to state that Plaintiff fails to allege a plausible entitlement to relief under the laws of Maine, Kentucky or Ohio. In the Court's assessment, these issues may more properly be adjudicated via summary judgment, once the parties have had a full opportunity to develop the record.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (Docket # 6).

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 3rd day of January, 2008.